UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-23665-CIV-HOEVELER

MARINA TOMEVSKA,

    Plaintiff,

v.

NCL BAHAMAS LTD.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S EMERGENCY MOTION

This Cause comes before the Court on the Plaintiff's Emergency Motion to Reopen Case and Remand to State Court, or Alternatively to Compel Defendant to Pay Costs of Arbitration. The Court heard argument from the parties on May 2, 2012, and has reviewed pertinent portions of the file. For the reasons stated below, Plaintiff's requests are DENIED.

This Court previously reviewed Plaintiff's employment agreement and found that the mandatory arbitration provision was enforceable. Plaintiff has asserted that she is unable to comply with the Court's Order Compelling Arbitration, entered on September 28, 2011, because her financial situation is desperate.[1] According to her attorneys, Plaintiff's inability to afford the initial costs of arbitration justifies an order from this Court directing Defendant to pay those costs or this Court should

___

[1] Subsequent to entry of the Court's Order, the parties engaged in mediation before Laura Bonn, which was unsuccessful. See Docket No. 29.

vacate the Court's prior decision compelling arbitration so that Plaintiff's case can be heard in state court. Defendant disagrees, and argues that the creation of such an "indigency" exception to otherwise binding arbitration clauses in employment contracts (and enforceable Court Orders) would require this Court to deviate from longstanding precedent.

Plaintiff argues that because she lacks the funds to pay the filing fee ($3000) and initial deposits required for arbitration (approximately $50,000)[2] the arbitration clause in Plaintiff's employment agreement is therefore unenforceable as "incapable of being performed", citing Bautista v. Star Cruises, Norwegian Cruise Line, Inc., 396 F.3d 1301 (11th Cir. 2005). It is undisputed, however, that Plaintiff may pursue her claims against Defendant through the relevant union representation and, in that case, would be entitled to have all of the initial costs of arbitration paid by Defendant. At a hearing before this Court, Plaintiff's counsel argued that Plaintiff is more comfortable with her chosen counsel and does not want to be represented by a union based elsewhere; in essence, Plaintiff asks this Court to permit Plaintiff to have her choice of counsel when pursuing her claim for work-related injury against Defendant – regardless of the terms of her employment agreement. The Court is bound to interpret that employment agreement consistent

---

[2]The Court notes that Defendant subsequently offered to pay the $3,000 initial filing fee (see Docket No. 45), and that the arbitration panel should determine as a preliminary matter how to allocate the costs of arbitration. At a hearing before the Court, Plaintiff's counsel argued that such offer was insufficient because arbitration proceedings require an initial deposit of tens of thousands of dollars - which Plaintiff does not have and her attorneys are unable/unwilling to advance.

with controlling precedent in the Eleventh Circuit and, as such, is unable to grant Plaintiff's requests.

Simply stated, Plaintiff has not established that the arbitration provision is incapable of being performed, nor has she established any other basis for vacating this Court's Order or supplementing the Court's Order with a direction that Defendant pay the initial costs of the arbitration proceeding. As Plaintiff has failed to establish a basis for any relief, it is

ORDERED AND ADJUDGED that the Plaintiff's motion is DENIED Defendants' motions to strike are DENIED, as MOOT.

DONE AND ORDERED in Chambers in Miami this 18th day of May 2012.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:    counsel of record

3